UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
GRACIELA BRETSCHNEIDER DONCOUSE,

          Plaintiff,           **COMPLAINT**

    -against-           *Civil Action No.*
                   **1:16-cv-8224**
GOODWILL INDUSTRIES OF GREATER NEW YORK
AND NORTHERN NEW JERSEY, INC., A DOMESTIC
NOT-FOR-PROFIT CORPORATION, AND ELK 220
EAST 23RD LLC, FOREIGN LIMITED LIABILITY
COMPANY,
          Defendants.
--------------------------------------X

    Plaintiff, GRACIELA BRETSCHNEIDER DONCOUSE, (hereinafter the "Plaintiff"), by and through her counsel, The Marks Law Firm, P.C., hereby files this Complaint and sues GOODWILL INDUSTRIES OF GREATER NEW YORK AND NORTHERN NEW JERSEY, INC, a domestic not-for-profit corporation, and ELK 220 EAST 23RD LLC, a foreign limited liability company, both registered in the State of New York, (hereinafter collectively "Defendants"), for a) injunctive relief, b) compensatory relief, and c) attorney fees and costs pursuant to 42 U.S.C. 12181, et. Seq., of the Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") and alleges:

## JURISDICTION AND PARTIES

  1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA, 42 U.S.C. § 12181, et. Seq. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in the State of New York.

3. The violative Premises and the events giving rise to this lawsuit is located at 220 E 23rd St, New York, NY 10010 (hereinafter "Premises").

4. Venue is proper in this Court as the premises is located in the State of New York, County of New York.

5. The Defendants GOODWILL INDUSTRIES OF GREATER NEW YORK AND NORTHERN NEW JERSEY, INC and ELK 220 EAST 23RD LLC are the authorized to conduct, and are conducting business within the State of New York.

6. Upon information and belief, GOODWILL INDUSTRIES OF GREATER NEW YORK AND NORTHERN NEW JERSEY, INC is the lessee and/or operator of the real property, and the owner of the improvements where the Premises is located which is the subject of this action, and the Premises. Defendant also maintains and controls the Premises.

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, Defendants' Property, Goodwill Industries, located at 220 E 23rd St, New York, NY 10010, is a place of public accommodation in that it is an establishment which provides goods and services to the public.

8. Upon information and belief, ELK 220 EAST 23RD LLC, is the owner, lessor and/or operator and managing agent of the real property where the Premises is located, which is the subject of this action, the facility commonly referred to as Goodwill Industries, which also maintains and controls the subject real property.

9. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Premises which is the subject to this action is a public accommodation covered by the ADA and which must be in compliance therewith.

10.     The remedies provided by the NYSHRL against discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

11.     At the time of Plaintiff's visit to the Premises, and prior to the instant action, Plaintiff was/is a resident in the state of New York. Plaintiff is a paraplegic, which constitutes a "qualified disability" under the ADA of 1990. Plaintiff uses a wheelchair for mobility.

12.     On March 25, 2016 at about 7:00pm, Plaintiff was shopping and attempted to enter Defendant's Premises, however because of the architectural barriers at the entrances of the store, Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property, which is subject to this instant litigation. Plaintiff was informed that the only accessible way in, a side door with a security alarm, was unavailable due to the only access to it is the building next door and the building next door was closed for the day.

13.     Plaintiff, through her counsel, sent a letter to Defendants on April 27, 2016 via certified mail in an attempt to resolve this issue. This letter was sent after Plaintiff repeatedly informed employees at the premises of her desire to shop at said premises and the ADA violations present.

14.     Defendants' violations impede upon Plaintiff's, and other similarly situated disabled individuals' right to travel free of discrimination.

**COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

15.     The ADA prohibits discrimination on the basis of disability. The Act guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

16.     The ADA and 2004 ADA/ABA Accessibility Guidelines for Buildings and

Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the

New Construction and Alterations portion of Title III (all hereinafter referred to as the "2010

Standards" or "Accessibility Standards") dictate that property owners and operators of

commercial premises being used as "commercial establishments" are responsible for complying

with these Federal Accessibility Standards.

17.     The Plaintiff is informant and believes, and therefore alleges that the Premises has

begun operations and/or undergone substantial remodeling, repairs and/or alterations since

January 26, 1990.

18.     Defendants have discriminated, and continue to discriminate, against the Plaintiff,

and others that are similarly situated, by denying full and equal access to and full and equal

enjoyment of goods, services, facilities, privileges, advantages, and/or accommodations at

Defendants' Property, in violation of these Accessibility Standards.

19.     The Plaintiff has been unable to, and continues to be unable to, enjoy full and

equal safe access to, and the benefits of, all the accommodations and services offered at

Defendants' property.

20.     Plaintiff visited Defendants' property with the intention of utilizing Defendants'

facilities, but was denied access to the Subject Property, and therefore suffered an injury in fact.

In addition, Plaintiff continues to reside in New York and will continue to desire to visit the

Subject Property in the future, but continues to be injured in that she is unable to and continues

to be discriminated against due to the architectural barriers which remain at the Subject Property,

all in violation of the ADA, and New York State and City Human Rights Law.

21.     Pursuant to the mandates of 42 U.S.C. §12134(a), On July 26, 1991, the Department of Justice, Office of Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the American with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

22.     The Defendants' Premises is in violation of 42 U.S.C. §12181 et. Seq., ADA and the 2010 Standards, and is discriminating against the Plaintiff as a result of inter alia the following specific violations:

     a.  Failure to provide an accessible entrance at street level door, due to the step at the entrances, and the failure to install a ramp with appropriate slope and signage, and/or otherwise provide accessible and properly designated entrance. This barrier represent an insurmountable barrier to independent entry by the Plaintiff and other individuals who use wheelchairs.

     b.  Failure to provide a safe and accessible means of egress for emergencies.

     c.  Failure to provide adequate directional and accurate informational signage throughout the Premises.

     d.  Failure to provide signage addressing people with disabilities telling them that accessible services are provided.

23.     Upon information and belief, there are other current violations of, inter alia, the ADA at Defendants' Property, and only once a full inspection is done can all said violations be identified.

24.     To date, the barriers and other violations of the ADA still exist and have not been

remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

25.     Pursuant to ADA, 42 U.S.C. §1201 et. Seq. and the Accessibility Standards, the

Defendants were required to make the Premises, a place of public accommodation, accessible to

person with disabilities since January 28, 1992. To date, the Defendants have failed to comply

with this mandate.

26.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the

Plaintiff injunctive relief;  including an order to alter the Premises to make them readily

accessible to, and useable by, individuals with disabilities to the extent required by ADA, and

closing the Subject Facilities until the requisite modifications are completed.

## COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

27.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained

hereinabove in paragraphs "1" through "26" inclusive of this Complaint with the same force and

effect as if hereinafter set forth at length.

28.     The New York City Human Rights Law provides:

a.  It shall be an unlawful discriminatory practice for any person, being the

owner, lessee, proprietor, manager, superintendent, agent or employee of

any place or provider of public accommodation because of the actual or

perceived…disability…of any person, directly or indirectly, to refuse,

withhold from or deny to such person any of the accommodations,

advantages, facilities or privileges thereof…to the effect that any of the

accommodations, advantages, facilities and or denied to any person on

account of…disability…

NYC Admin. Code §8-107(4)(a).

29.      Defendants are in violation of the New York City Human Rights Law by denying

the Plaintiff full and safe access to all of the benefits, accommodations and services of the

Premises.

**COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

30.      Plaintiff repeats, reiterates, and re-alleges each and every allegation contained

hereinabove in paragraphs "1" through "29" inclusive of this Complaint with the same force and

effect as if hereinafter set forth at length.

31.      The New York State Human Rights Law provides:

        a.   It shall be unlawful discriminatory practice for any person, being the

           owner, lessee, proprietor, manager, superintendent, agent, or employee of

           any place of public accommodation…because of the…disability…of any

           person, directly, or indirectly, to refuse, withhold from or deny to such

           person any of the accommodations, advantages, facilities, or privileges

           thereof…to the effect that any of the accommodations, advantages,

           facilities and privileges of any such place shall be refused, withheld from

           or denied to any person on account of…disability…

           NYS Exec. Law §296 (2)(a).

32.      Defendant's property is a place of public accommodation as defined in the New

York State Human Right Law.

33.      The Defendants have further violated the New York State Human Rights Law by

being in violation of the rights provided under the ADA.

34.     Defendants are in violation of the New York State Human Rights law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Premises.

## PRAYER FOR RELIEF

35.      The Plaintiff demands compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, for violations of their civil rights under New York State Human Rights Law and City Claw, including compensatory damages contemplated by §297(4)(c).

36.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Subject Facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights law, and closing the Subject Facilities until the requisite modifications are completed.

37.     Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants joint and severally and requests the following injunctive and declaratory relief:

        a.  The Court declares the Subject Property and Premises owned, operated, leased, controlled, and/or administered by the Defendants are in violation of the ADA, the New York City Human Rights Law, and of the New York State Human Rights Law;

        b.  The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with

disabilities to the full extent required by Title III of the ADA and by

NYCHRL, and the NYSHRL;

c.  The Court enter an order directing the Defendants to evaluate and

neutralize their policies, practices and procedures toward persons with

disabilities, for such reasonable time to as to allow the Defendants to

undertake and complete corrective procedures to the Premises;

d.  The Court award compensatory damages, including all applicable

statutory damages and fines, to Plaintiff;

e.  The Court award reasonable attorney fees, all costs (including but not

limited to court costs, expert fees, etc.) and other expenses of suit to the

Plaintiff; and

f.  The Court award such other and further relief as this Court deems

necessary, just and proper.

Dated:  New York, New York
         October 20, 2016

THE MARKS LAW FIRM, PC

By:
 BRADLY G. MARKS
Attorney for Plaintiff
175 Varick Street, 3rd Fl
New York, NY 10014
T:(646) 770-3775
F: (646) 770- 2639
Brad@markslawfirm.net

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GRACIELA BRETSCHNEIDER DONCOUSE,

Plaintiff,

-against-

GOODWILL INDUSTRIES OF GREATER NEW YORK AND NORTHERN NEW JERSEY, INC., A DOMESTIC NOT-FOR-PROFIT CORPORATION, AND ELK 220 EAST 23RD LLC, FOREIGN LIMITED LIABILITY COMPANY,

Defendants,

**SUMMONS AND COMPLAINT**

THE MARKS LAW FIRM, PC
Attorney for Plaintiff
175 Varick Street, 3rd FL
New York, NY 10014